**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4856**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ALEXANDER ROLAND FRAZIER, JR.,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:09-cr-00906-SB-1)

_____

Submitted:  April 7, 2011          Decided:  April 22, 2011

_____

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Sean Kittrell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Roland Frazier, Jr., pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Frazier to eighty-four months of imprisonment, and he now appeals. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence was reasonable. Frazier has filed a pro se supplemental brief raising a claim of ineffective assistance of counsel. Finding no error, we affirm.

Counsel first questions whether the district court complied with the requirements of Rule 11. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of

guilty is entered into knowingly and voluntarily.  See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Frazier did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [Frazier] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Frazier satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).  Our review of the record reveals substantial compliance with Rule 11.  We therefore conclude that Frazier pleaded guilty knowingly and voluntarily.

Counsel next questions whether the sentence is reasonable.  We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009).  In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly

3

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-59 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, responded to Frazier's arguments at sentencing, and thoroughly explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the Guidelines range). Moreover, Frazier cannot overcome the presumption of reasonableness we accord his within-Guidelines sentence.

4

In his pro se supplemental brief, Frazier argues that his trial counsel was ineffective for failing to object to a Guidelines enhancement despite Frazier's request that counsel so object. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Upon review, we conclude that ineffective assistance does not conclusively appear on the face of the record, and therefore we decline to address this claim on direct appeal.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Frazier, in writing, of the right to petition the Supreme Court of the United States for further review. If Frazier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Frazier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>